IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PATRICIA HUNT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF FLORIDA CORRECTIONAL FACILITY, *et al.*,<br><br>　　　　Defendants. | CIVIL NO. 18-00003 DKW-KJM<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## **INTRODUCTION**

On January 2, 2018, Plaintiff Patricia Hunt, proceeding pro se, filed a Complaint against several Florida state government employees and private individuals alleging violations of her federal civil rights. Dkt. No. 1. That same day, the district court issued a deficiency order directing Hunt to either pay the applicable filing fee or to submit a completed *in forma pauperis* application within twenty-eight days. Dkt. No. 3. On January 4, 2018, Hunt filed a First Amended Complaint (Dkt. No. 5) and an Application to proceed *in forma pauperis* ("IFP Application").[1] Dkt. No. 6. The Court GRANTS the IFP Application. The First Amended Complaint, however, fails to include factual allegations demonstrating

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

that Hunt's rights have been violated or that she is plausibly entitled to relief from any Defendant. Because Hunt fails to state a claim for relief, the First Amended Complaint is DISMISSED with limited leave to amend pursuant to 28 U.S.C. § 1915(e), with instructions below.

## DISCUSSION

Because Hunt is appearing pro se, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). Although she is proceeding pro se, Hunt is more than familiar with her federal court filing and pleading responsibilities, given her numerous prior actions.[2]

---

[2] The Court takes judicial notice of Hunt's record of filing in districts nationwide, including in this district. *See, e.g.*, *Hunt v. Ross Dress For Less, LLC, et al.*, No. 14-00081 LEK-RLP (D. Haw.); *Hunt v. Ross Dress For Less, LLC, et al.*, No. 15-00081 LEK-KSC (D. Haw.); *Hunt v. Key Bank, USA*, No. 2:09-CV-14093 (S.D. Fla.); *Hunt v. Metz*, No. 2:12-CV-14461 (S.D. Fla.); *Hunt v. ACCSCT in Virginia, et al.*, No. 2:12-CV-14460 (S.D. Fla.); *Hunt v. Key Bank Int'l, et al.*, No. 2:10-CV-14111 (S.D. Fla.).

**I.      Plaintiff's IFP Application Is Granted**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the IFP Application indicates that Hunt is unemployed, with no income or other funds available, such as in cash or in a checking or savings account. Based upon the IFP Application, Hunt's income falls below the poverty threshold

identified by the Department of Health and Human Services ("HHS") 2017 Poverty Guidelines. *See* 2017 HHS Poverty Guidelines, *available at* https://www.federalregister.gov/documents/2017/01/31/2017-02076/annual-update-of-the-hhs-poverty-guidelines. Accordingly, the Court finds that Hunt has made the required showing under Section 1915 to proceed without prepayment of fees, and GRANTS her IFP Application.

## II. The First Amended Complaint Fails To State A Claim And Is Dismissed

Upon review of the First Amended Complaint ("FAC"), the Court finds that Hunt fails to state a claim upon which relief may be granted. As discussed below, even liberally construed, the Complaint fails to allege any discernable basis for judicial relief against any party.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v.*

identified by the Department of Health and Human Services ("HHS") 2017 Poverty Guidelines. *See* 2017 HHS Poverty Guidelines, *available at* https://www.federalregister.gov/documents/2017/01/31/2017-02076/annual-update-of-the-hhs-poverty-guidelines. Accordingly, the Court finds that Hunt has made the required showing under Section 1915 to proceed without prepayment of fees, and GRANTS her IFP Application.

## II. The First Amended Complaint Fails To State A Claim And Is Dismissed

Upon review of the First Amended Complaint ("FAC"), the Court finds that Hunt fails to state a claim upon which relief may be granted. As discussed below, even liberally construed, the Complaint fails to allege any discernable basis for judicial relief against any party.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v.*

identified by the Department of Health and Human Services ("HHS") 2017 Poverty Guidelines. *See* 2017 HHS Poverty Guidelines, *available at* https://www.federalregister.gov/documents/2017/01/31/2017-02076/annual-update-of-the-hhs-poverty-guidelines. Accordingly, the Court finds that Hunt has made the required showing under Section 1915 to proceed without prepayment of fees, and GRANTS her IFP Application.

## II. The First Amended Complaint Fails To State A Claim And Is Dismissed

Upon review of the First Amended Complaint ("FAC"), the Court finds that Hunt fails to state a claim upon which relief may be granted. As discussed below, even liberally construed, the Complaint fails to allege any discernable basis for judicial relief against any party.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679. For the reasons that follow, Hunt fails to meet this standard.

## B. The FAC Fails To State A Claim For Relief

As a preliminary matter, the Court observes that Hunt has filed identical actions against many of these same Defendants, which have been summarily dismissed by other district courts pursuant to Section 1915 screening.[3] The Court also notes that, while Hunt purports to reside at an address within this judicial district,[4] all of the claims in the FAC involve acts or omissions that appear to have occurred in Florida and Hunt fails to demonstrate that any named Defendant has any connection to Hawaii in any manner relevant to the misconduct alleged.[5] More important still are the lack of cognizable legal theories or coherent facts in the FAC.

---

[3]*See, e.g., Hunt v. Cox, et al.*, 2:15-cv-14118-RLR (S.D. Fla. June 9, 2017), Dkt. No. 18 (dismissing Hunt's 42 U.S.C. § 1983 claims against Cynthia L. Cox, the judge who presided over a civil case initiated by Hunt in state court in 2007, and Elizabeth Curra, judicial assistant to Judge Cox for the alleged deprivation of Plaintiff's rights); *Hunt v. Key Bank Nat'l, et al.*, 2:15-cv-14230-JEM (S.D. Fla. June 23, 2017), Dkt. No. 5 (discussing Hunt's allegations that several of the same named defendants "violated her rights in various ways, which appear to include interference with prosecution of a civil case in violation of 18 U.S.C. § 1503; denial of access to public records in violation of 5 U.S.C. § 522 and various Florida laws; fraud and 'unfair deceptive trade practices' in violation of her 'Fair Credit Rights'; wire fraud; harassment; and other claims"); *Hunt v. Conroy, Simberg, Gannon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., et al.*, 13-cv-01493-TJM-ATB (N.D.N.Y. Apr. 16, 2014), Dkt. No. 8 (describing frivolous allegations against court clerk Linda Beckford and dismissing Plaintiff's Complaint without leave to amend, and denying Motion for an Emergency Protective Order and Motion for a Writ of Mandamus).

[4]Generally, a plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated. *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979). 28 U.S.C. § 1391 governs venue in civil actions, and provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" Plaintiff's domicile is therefore not dispositive for purposes of venue.

[5]Accordingly, it is not clear that this district is the proper venue for these claims. In any event, because the Court dismisses the FAC with limited leave to amend for failure to state a claim, it does not further address venue at this time.

Although the factual averments in the FAC are difficult to track—portions of the FAC are simply pages of unbroken, unorganized text—Hunt seeks the following enumerated forms of relief:

> 1.) Apology from specific law enforcement officers who violated their oath as police officers and abused their privilege and rights to willfully harm myself a law abiding citizen and many other citizens of Indian River County [("IRC")] and disciplinary actions what the court and jury see fit. The damage done which caused my mother[']s death due to the stress of her worrying about my safety from the IRC Sherriff and a lower court Judge now the drug court and mental health court Judge of IRC County a who have.[sic] Apology by the specific State of Florida Prison employees who found this funny even bragged that they could care less whether my US mail got to me or not. IRC Sherriff ST. County and specific Clerk of Court Genie (unknown last name, Linda Beckford Clerk of Civil Division Linda for []falsifying a police trespassing against Ms. Hunt a law abiding citizen with no legal rights or reason who has court documents in court case files during crucial times of court cases severally obstructing justice and committing perjury to public official's which they should be legally punished for including the dark haired women who ripped evidence out of court case file who was caught on camera from entrance of inside the civil court cameras. The officer who in July before evidence was going to the higher courts has a deputy on a Sunday in the parking lot of Staples with no cameras outside or inside the store who unhooked his weapon and made threats to Ms. Hunt and refused to provide his name but was caught on film up the road at a store and a letter was sent not to move alter or destroy the video tape of the officer who harassed me with his sunglasses on and no name tag but in a green uniform.
>
> 2.) Ms. Hunt would like body cameras on each and every law enforcement officer in Indian River County, St. Lucie County due to public corruption and for the Sherriff Offices main hallway entrances and inside the administration offices to have

7

working recorded cameras which are saved and reviewed by an advocacy group of Indian River County St. Lucie County and POLE on a regular basis due to the severe public corruption that she and other law abiding citizens including a former state attorney have witnessed for years in these two counties. In addition to cameras and recorders be in State Attorneys administrative offices any and all incoming phone calls be recorded and documented and kept for at least five years. Ms. Hunt believe the[re] are some really good men and women law enforcement officers who risk their lives ever[y]day in the line of duty and the body cameras will both protect them in the line of duty the police officers who are doing their job properly and this will also record the police officers who are not doing their job properly and if those dishonest officers try to shut off the body camera during a[n] incident if there are two officers working together there would be a back up filming for the hardworking honest police to film a dishonest partner at which time they would be able to turn into their commanding officers (anonymously) to weed out the dishonest police and keep the ethical and honest police who really take pride in their public position helping protect and serve. Ms. Hunt was informed she must go public due to Lt. Mullinax and several other public servants were going to try to incriminate Ms. Hunt to give her a criminal record.

3.) For any and all attorney fees[.]

4.) For the damages of tortious conduct of the defendant(s) in depriving and conspiring[,] depriving plaintiff of her constitutional rights and for severe obstruction of justice 18 USC 1503, and civil rights under the color of law both compensatory, punitive damages in the amounts which will be approved by a jury trial in New York[6] where she will get a fair trial and for the years of pain and suffering her and her family were put through and the stress of this public corruption and ongoing threats to her caused one of her family member's to have a heart attack on Ms. Hunt[']s birthday 9-11 and die, Ms. Hunt had three funerals

---

[6] Although she filed the instant civil action in the District of Hawaii, and the events complained of appear to have occurred in Florida, Hunt requests a jury trial in New York for reasons unknown.

during this severe public corruption. Temporary Pro se litigants may be entitled to Attorney fees and costs under the Civil Rights Attorney's Fee Award Act of 1976, 90 Stat. 2641, as amended 42 USC 1988.

5.) For more video cameras to be in the Clerk[']s Office every area where the Clerks File and handle any and all court records in IRC County files and saved in the IRC County Court House. Please see IRC County Commissioners meeting November 8, 2017 and other online dates for several years approximately IRC.Gov.com. Ms. Hunt publically spoke and th[ere] is a list coming of many dates Ms. Hunt publically spoke regarding being denied access to public court records during crucial times of her court cases and demanded for Judge Cynthia L. Cox to be immediately drug tested d[ue] to Ms. Hunt[']s evidence received by the Florida Bar of affidavit doing cocaine notarized according to legal counsel was legal and other evidence of witnessing her appeared and demonstrated coming to court hung over and still intoxicated along with her bias and prejudice behavior first time before her and informed attorney Jack Platt th[ere] was a conflict of interest and he laughed about it and said if she was drunk she probably won[']t remember and found it funny. Ms. Hunt has been in fear of her life which was documented in several lower and higher court records due to ongoing harassment from IRC Sherriff and specific law enforcement officers which is why she has requested her address not be for public record and for permission to file email notifications due to the mail issue[.]

FAC at 5 ¶¶ 1–5.

The FAC suffers from several deficiencies. First, the FAC fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to

satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). That is the case here. Hunt does not clearly identify in any coherent or organized manner the separate causes of action that she is asserting, nor does she provide specific factual allegations to support her legal conclusions. Even applying the most liberal pleading standard, the Court cannot discern from the FAC the conduct on which any claim is based, other than Hunt's dissatisfaction with the results of her prior Florida state court proceedings. *See* FAC at 1–4.

Second, to the extent Hunt attempts to assert violations of federal criminal law, including under 18 U.S.C. §§ 241–242, 1341–1343, and 1503–1513, no private right of action exists to enforce these criminal statutes. That is, a civil action for damages is not the proper mechanism to allege criminal conduct in the manner asserted by Hunt. *See Kumar v. Naiman*, 2016 WL 397596, at *2 (E.D. Cal. Feb. 2, 2016) ("[P]laintiffs, as private citizens, have no standing to prosecute criminal claims."). To be clear, the Court does not have jurisdiction to hear allegations of criminal conduct that are brought by anyone other than the United States. *See, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch

has exclusive authority to decide whether to prosecute a case). Accordingly, her claims for obstruction of justice, conspiracy, mail and wire fraud, just to name a few, are DISMISSED WITH PREJUDICE. Insofar as she asserts that these crimes constitute the basis for a civil RICO claim, she likewise falls short of stating a plausible claim for relief.[7]

Third, insofar as she seeks damages for violations of her federal constitutional rights, Hunt fails to state a Section 1983 claim.[8] In order to state a claim under Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48

---

[7]To allege a federal racketeering claim, Hunt must establish: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)); *see also* 18 U.S.C. § 1961. The FAC does not sufficiently plead any of these elements. Hunt, for instance, does not identify the predicate acts that form the basis of the alleged "scheme of racketeering." *See Graf v. Peoples*, 2008 WL 4189657, at *6 (C.D. Cal. Sept. 4, 2008) ("Plaintiff does not expressly identify any RICO predicate acts, but simply incorporates his previous allegations. Such 'shotgun' pleading is insufficient to plead a RICO claim.") (citing *Savage v. Council on American–Islamic Relations, Inc.*, 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (finding that a RICO claim was insufficient where plaintiff set forth a "redundant narrative of allegations and conclusions of law, but [made] no attempt to allege what facts are material to his claims under the RICO statute, or what facts are used to support what claims under particular subsections of RICO"); and *Federal Reserve Bank of San Francisco v. HK Systems*, 1997 WL 227955, at *3 (N.D. Cal. Apr. 24, 1997) (finding that a complaint was insufficient for failure to "identify exactly which acts are 'predicate acts' for RICO liability")).

[8]Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

(1988). Even though she concludes that her due process rights have been violated, Hunt's factual allegations supporting the claim are largely incomprehensible. Although pro se pleadings are liberally construed, a plaintiff must allege that he or she suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant, which the FAC fails to do. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Accordingly, Hunt's Section 1983 claims are dismissed.

Finally, the Court dismisses as barred by the Eleventh Amendment the claims for damages against the State of Florida and all of the named and unnamed state officials acting in their official capacities. *See Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989); *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). All claims for damages against the immune state agencies and officials are DISMISSED WITH PREJUDICE. Similarly, Hunt's claims against the presiding state court judges and court personnel in their official capacities for conduct undertaken in their judicial capacities are barred by the doctrine of judicial immunity.[9] The claims against the immune state court defendants are likewise DISMISSED WITH PREJUDICE.

---

[9]*See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges

In sum, because Hunt fails to state a plausible claim for relief, the FAC is DISMISSED. Because amendment of some claims *may* be possible, Hunt is granted leave to attempt to cure the deficiencies noted in this Order, with instructions below.

## III. <u>Limited Leave To Amend Is Granted</u>

The dismissal of portions of the FAC is without prejudice, and Hunt is granted limited leave to amend to attempt to cure the deficiencies identified above. Plaintiff's claims for violation of the federal criminal code and all claims against immune defendants are DISMISSED WITH PREJUDICE. The Court cautions Hunt that she may not re-allege these claims in any amended complaint.

If Hunt chooses to file an amended complaint, she must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction and venue; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that she names as a defendant. If Hunt fails to affirmatively link the conduct

---

should be at liberty to exercise their functions with independence and without fear of consequences."). Moreover, any claims against court administrators acting in concert with the judges are similarly barred by the doctrine of absolute quasi-judicial immunity. *See Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385 (9th Cir. 1987).

of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "Second Amended Complaint" and may not incorporate any part of the prior complaints. Rather, any specific allegations must be retyped or rewritten in their entirety. Hunt may include only one claim per count. Failure to file an amended complaint by **February 9, 2018** will result in the automatic dismissal of this action without prejudice.

## CONCLUSION

Based upon the foregoing, Hunt's IFP Application is GRANTED (Dkt. No. 6), and the First Amended Complaint is DISMISSED with limited leave to amend (Dkt. No. 5).

Hunt is granted limited leave to file an amended complaint in accordance with

the terms of this Order by **February 9, 2018**.  To be clear, claims dismissed *with prejudice* may not be re-alleged in an amended complaint.  The Court CAUTIONS Hunt that failure to file an amended complaint by **February 9, 2018** will result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: January 9, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Hunt v. State of Florida Correctional Facility, et al.*; Civil No. 18-00003 DKW-KJM; **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**