# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PATRICIA HUNT,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF FLORIDA CORRECTIONAL FACILITY, *et al.*,<br><br>        Defendants. | CIVIL NO. 18-00003 DKW-KJM<br><br>**ORDER (1) DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING AS MOOT ALL PENDING MOTIONS** |

## INTRODUCTION

On March 19, 2018, Plaintiff Patricia Hunt, proceeding pro se, filed a Second Amended Complaint, which again attempts to assert federal civil rights claims against several Florida state government employees and private individuals. Dkt. No. 14. In a January 9, 2018 Order, the Court granted Hunt's Application to proceed *in forma pauperis* ("IFP Application") and dismissed her First Amended Complaint with limited leave to amend. Dkt. No. 9 (1/9/18 Order). The Second Amended Complaint, like its predecessor, fails to include factual allegations demonstrating that Hunt is plausibly entitled to relief from any Defendant or that venue lies in this judicial district. Because Hunt once more fails to state a claim for relief, the Second Amended Complaint is DISMISSED with limited leave to amend

pursuant to 28 U.S.C. § 1915(e).[1]  The Court also DENIES as moot all pending motions, as discussed more fully below.[2]

## DISCUSSION

Because Hunt is appearing pro se, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).  The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).  Although she is proceeding pro se, Hunt is more than familiar with her federal court filing and pleading responsibilities, given her numerous prior actions.[3]

---

[1]Although the Court granted Hunt's IFP Application and permitted her to file an amended complaint, the Court must screen the Second Amended Complaint ("SAC") before it may be served.  28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (Section 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").

[2]Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

[3]The Court takes judicial notice of Hunt's record of federal filings in districts nationwide, including in this district.  *See, e.g.*, *Hunt v. Ross Dress For Less, LLC, et al.*, No. 14-00081 LEK-RLP (D. Haw.); *Hunt v. Ross Dress For Less, LLC, et al.*, No. 15-00081 LEK-KSC (D. Haw.); *Hunt v. Key Bank, USA*, No. 2:09-CV-14093 (S.D. Fla.); *Hunt v. Metz*, No. 2:12-CV-14461

## I. The Second Amended Complaint Fails To State A Claim

Upon review of the Second Amended Complaint ("SAC"), the Court finds that Hunt again fails to state a claim upon which relief may be granted. Although not entirely clear, she once more alleges violations of her due process rights and several criminal violations, yet fails to cure the very same deficiencies noted in the Court's 1/9/18 Order dismissing her First Amended Complaint with limited leave to amend.[4]

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or

---

(S.D. Fla.); *Hunt v. ACCSCT in Virginia, et al.*, No. 2:12-CV-14460 (S.D. Fla.); *Hunt v. Key Bank Int'l, et al.*, No. 2:10-CV-14111 (S.D. Fla.).

[4] In its earlier Order, the Court took notice of the similar actions filed by Hunt against many of the same parties, which have been summarily dismissed pursuant to the district courts' Section 1915 screening. *See* 1/9/18 Order at 6 (citing *Hunt v. Cox, et al.*, 2:15-cv-14118-RLR (S.D. Fla. June 9, 2017), Dkt. No. 18 (dismissing Hunt's 42 U.S.C. § 1983 claims against Cynthia L. Cox, the judge who presided over a civil case initiated by Hunt in state court in 2007, and Elizabeth Curra, judicial assistant to Judge Cox for the alleged deprivation of Plaintiff's rights); *Hunt v. Key Bank Nat'l, et al.*, 2:15-cv-14230-JEM (S.D. Fla. June 23, 2017), Dkt. No. 5 (discussing Hunt's allegations that several of the same named defendants "violated her rights in various ways, which appear to include interference with prosecution of a civil case in violation of 18 U.S.C. § 1503; denial of access to public records in violation of 5 U.S.C. § 522 and various Florida laws; fraud and 'unfair deceptive trade practices' in violation of her 'Fair Credit Rights'; wire fraud; harassment; and other claims"); and *Hunt v. Conroy, Simberg, Gannon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., et al.*, 13-cv-01493-TJM-ATB (N.D.N.Y. Apr. 16, 2014), Dkt. No. 8 (describing frivolous allegations against Florida court clerk and dismissing Plaintiff's Complaint without leave to amend, and denying Motion for an Emergency Protective Order and Motion for a Writ of Mandamus)).

seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679. For the reasons that follow, Hunt fails to meet this standard.

B. **The SAC Fails To State A Claim For Relief**

As a preliminary matter, the Court observes that Hunt failed to cure the deficiencies noted in the Court's 1/9/18 Order, particularly the lack of cognizable legal theories or coherent facts regarding her claims.[5] She again complains that she

---

[5] Although the *factual* averments in the SAC are difficult to discern, Hunt lists the following "violations of law," with no reference to the party involved or specific conduct supporting the alleged violation:

    18 USC 241 Conspiracy against Rights of "Law abiding American Citizens"
    18 USC 3 Accessory after the fact
    18 USC 241 Conspiracy against Rights of Citizens
    18 USC 242 Deprivation of Rights color of law rights protected under the Constitution of the United States of America
    18 USC 512: Tampering with a witness
    18 USC 1341 Mail Fraud
    18 USC Wire Fraud
    18 USC 1503 Obstruction of Justice
    18 USC 1510 Obstruction of a criminal investigation
    18 USC 1513 Retaliating Against a witness, victim or informant
    18 USC 1951 Interference with Interstate commerce
    18 USC 1621 Perjury
    18 USC 1001 Fraud

suffered violations of her due process rights in various Florida court proceedings involving both a personal injury action against Ross Dress For Less Stores, and obstruction of justice by unnamed court employees and State of Florida public safety and/or correctional facility employees. The SAC additionally appears to add new criminal conspiracy claims relating to the failure to receive her mail sent from a "US Federal Court" in Miami, Florida via the United States Postal Service. Hunt claims her mail was instead sent to a Florida state inmate with a case in the same federal district court. *See* SAC at 3–7. When Hunt attempted to contact the inmate who allegedly received her mail in a Florida state correctional facility, she was "jerked around by specific State of Florida Correctional employees." SAC at 6. Hunt alleges she told one such defendant that under "18 USC 241 tampering with United States Federal mail is a felony and she will be subpoenaed before a US Federal Judge and she can see how sassy and sarcastic rude [sic] she wants to explain to a US Federal Court Judge why her title as the Warden's Secretary apparently she feels the authority to think she is above the law." SAC at 6. Hunt requests "a jury trial and [that] subpoenas will be authorized for specific State of Florida Correctional

---

        18 USC 1708 Theft or receipt of stolen mail
        1513 Retaliating against a witness
        1512 Tampering with a witness
        1519
        15 USC 1681 Fair Credit Reporting Act

SAC at 8–9.

employees who should be held accountable for obstruction of justice 18 USC 1503, [and] continuously tampering with United States mail 18 USC 241." SAC at 7. These allegations, and others of similar tenor made throughout the SAC, fail to state cognizable claims for relief.

The SAC, like Hunt's previous complaint, suffers from several deficiencies. First, the SAC fails to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). That is the case here. Hunt does not clearly identify in any coherent or organized manner the separate causes of action that she is asserting against each defendant, nor does she provide specific factual allegations to support her legal conclusions. Even applying the most liberal

7

pleading standard, the Court cannot discern from the pleadings the conduct on which any claim is based.

Second, to the extent Hunt again attempts to assert violations of federal criminal law, including under 18 U.S.C. §§ 241–242, 1341–1343, and 1503–1519, no private right of action exists to enforce these criminal statutes. That is, a civil action for damages is not the proper mechanism to allege criminal conduct in the manner asserted by Hunt. *See Kumar v. Naiman*, 2016 WL 397596, at *2 (E.D. Cal. Feb. 2, 2016) ("[P]laintiffs, as private citizens, have no standing to prosecute criminal claims."). Federal criminal claims may not be brought by anyone other than the United States. *See, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case). On this point, the Court notes that Hunt neither adhered to the specific guidance nor heeded the prior warnings provided in the Court's 1/9/18 Order. That Order permitted Hunt leave to amend to attempt to cure the deficiencies noted in the Order, and specifically explained that her claims for violation of the federal criminal code were dismissed *with prejudice* and cautioned that those claims were not to be re-alleged in any amended complaint. See 1/9/18 Order at 10–11. The SAC, however, alleges nearly identical claims against several of the same defendants. Insofar as the SAC simply repeats the same allegations

8

against the same parties, it is axiomatic that they fail to state a claim—they were all previously dismissed for that reason. Even viewing the SAC in the light most favorable to Plaintiff, the re-asserted claims previously dismissed with prejudice exceed the leave to amend granted in the Court's prior Order. Hunt's reconfigured claims for obstruction of justice, conspiracy, mail and wire fraud, just to name a few, are DISMISSED WITH PREJUDICE. Insofar as she asserts that these crimes constitute the basis for a civil RICO claim, she likewise falls short of stating a plausible claim for relief.[6]

Third, insofar as she seeks damages for violations of her federal constitutional rights, Hunt fails to state a Section 1983 claim.[7] In order to state a claim under

---

[6]To allege a federal racketeering claim, Hunt must establish: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)); *see also* 18 U.S.C. § 1961. The FAC does not sufficiently plead any of these elements. Hunt, for instance, does not identify the predicate acts that form the basis of the alleged "scheme of racketeering." *See Graf v. Peoples*, 2008 WL 4189657, at *6 (C.D. Cal. Sept. 4, 2008) ("Plaintiff does not expressly identify any RICO predicate acts, but simply incorporates his previous allegations. Such 'shotgun' pleading is insufficient to plead a RICO claim.") (citing *Savage v. Council on American–Islamic Relations, Inc*., 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (finding that a RICO claim was insufficient where plaintiff set forth a "redundant narrative of allegations and conclusions of law, but [made] no attempt to allege what facts are material to his claims under the RICO statute, or what facts are used to support what claims under particular subsections of RICO"); and *Federal Reserve Bank of San Francisco v. HK Systems*, 1997 WL 227955, at *3 (N.D. Cal. Apr. 24, 1997) (finding that a complaint was insufficient for failure to "identify exactly which acts are 'predicate acts' for RICO liability")).
[7]Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the

9

Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Even though she concludes that her due process rights have been violated, Hunt's factual allegations supporting the claim are largely incomprehensible. Although pro se pleadings are liberally construed, a plaintiff must allege that he or she suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant, which the SAC fails to do. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Accordingly, Hunt's Section 1983 claims are dismissed.

Finally, the Court previously dismissed as barred by the Eleventh Amendment the claims for damages against the State of Florida and all of the named and unnamed state officials acting in their official capacities. *See Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989); *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). All claims for damages against the immune state agencies and newly named officials in their official capacities are DISMISSED WITH PREJUDICE.

---

> United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

In sum, because Hunt fails to state a plausible claim for relief, the SAC is DISMISSED. Because amendment of some claims *may* be possible, Hunt is granted leave to attempt to cure the deficiencies noted in this Order, *one final time*, with instructions below.

C. **The SAC Fails to Establish Venue In This District**

In addition to the lack of plausible claims, and despite the Court's statements in the 1/9/18 Order notifying her of the deficiency, Hunt once more fails to establish that venue lies in this judicial district.[8] None of the events at issue in this case occurred in Hawai'i— all of the claims in the SAC involve acts or omissions that appear to have occurred in Florida and Hunt fails to demonstrate that any named Defendant has any connection to Hawai'i in any manner relevant to the misconduct alleged. Nor does the SAC allege that Hunt suffered any damages in Hawai'i as a result of Defendants' actions and omissions. Moreover, unlike the prior pleading, the SAC does not even allege that Plaintiff resides in Hawai'i. Thus, she makes no showing that this district court is the proper venue for these particular claims.

"Venue in federal courts is governed by statute." *Spagnolo v. Clark Cty.*, 2015 WL 7566672, at *2 (D. Haw. Nov. 24, 2015) (citing *Leroy v. Great Western United Corp.*, 443 U.S. 173, 181 (1979)). "The plaintiff has the burden of showing

---

[8]District courts have the authority to raise *sua sponte* the issue of defective venue. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

11

that venue is proper in this district." *Id.* (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). The governing statute, 28 U.S.C. § 1391(b), states:

> A civil action may be brought in–
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, the numerous defendants are each "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to" Plaintiff's case. *See* Section 1391(c)(2). Because it could neither exercise general nor specific jurisdiction over any defendant, based on the allegations in the SAC, the Court concludes that it lacks personal jurisdiction, and defendants are not Hawai'i residents for purposes of the venue analysis.[9] *See*

---

[9]Based upon the allegations in the SAC, the Court could not exercise specific jurisdiction over any Florida State agency's individual employees because Plaintiff's claims in this case do not arise out of any defendant's contacts with, or activities in, Hawai'i. *See Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). Further, despite Hunt's burden to establish venue, based on the

12

Section 1391(b)(1). Moreover, based upon the allegations in the SAC, this Court cannot find that "a substantial part of the events or omissions giving rise to" Plaintiff's claims occurred in Hawai'i, nor can it find that "a substantial part of property that is the subject of" Plaintiff's claims is located in Hawai'i. *See* Section 1391(b)(2). This action appears to have little, if anything, to do with Hawai'i. Finally, Section 1392(b)(3) does not apply because Plaintiff could have brought this action in one or more of the United States District Courts in Florida where the events at issue in this case occurred.[10]

Venue in the District of Hawai'i is therefore improper based on the allegations in the SAC. Hunt's failure to establish that this Court is the proper venue for this civil action serves as an additional basis for dismissal of the SAC.[11]

---

allegations in the SAC, this Court cannot conclude that any defendant is a Hawai'i resident or domiciliary for jurisdictional purposes or has or had "continuous, systematic, and substantial" contacts with Hawai'i. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984).

[10]In fact, Hunt appears to have made a conscious choice to not file this action in any district in Florida, stating that she "would like her fair day in court with the right to a jury trial of her peers which she would never get in the State of Florida due to the severe conflict of interest due to her late deceased cousin's DEA case and due to the severe public corruption in the State of Florida." SAC at 3.

[11]Under 28 U.S.C. § 1406, if the Court finds that the case has been filed "in the wrong division or district," it must "dismiss, or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought." *Spagnolo*, 2015 WL 7566672, at *2 (citing 28 U.S.C. § 1406(a)). In light of the state of the present record, and in view of Plaintiff's multiple filings across several jurisdictions, this Court finds that the interests of justice do not require it to transfer the instant case rather than dismissing it, once more with limited leave to amend.

**II.     All Pending Motions and/or Discovery Requests Are Denied As Moot**

With the SAC, Hunt filed the following motions and discovery requests with the Court: (1) Motion to Compel for Discovery and Public Records 5 U.S.C. 552,[12] Dkt. No. 15; (2) Request for Production of Documents, Dkt. No. 16; and (3) Motion to Compel for Immediate Numerous Public Records Request, Dkt. No. 17.   To the extent Plaintiff seeks discovery from any defendant in this matter, the motions are DENIED AS MOOT in light of the dismissal of the SAC.

**III.    Limited Leave To Amend Is Granted**

The dismissal of portions of the SAC is without prejudice, and Hunt is granted leave to amend, *one final time*, to attempt to cure the deficiencies identified above. Plaintiff's claims for violation of the federal criminal code and all claims against immune defendants are DISMISSED WITH PREJUDICE.   The Court cautions Hunt that she may not re-allege these claims in any amended complaint.

---

[12]This motion, for example, seeks to compel:

> immediately the State of Florida to release any and all numerous public records per 5 USC 552 request which the State of Florida has not complied with request.   Any and all Department of Justice records regarding the State of Florida two facilities Appalachee Facility and Northwest State of Florida Correctional facility and Secretary Julie Jones office and Angel Gordons office and all State staff employees including but not limited to any and all paper, electronic records including emails, both in house and outside from 2012 through 2018 from any and all State of Florida Office of Inspector General's Office Director and Office of Inspector General's Office for the Law Enforcement Inspector OIG Florida Department of Corrections.

Dkt. No. 15 at 1.

If Hunt chooses to file an amended complaint, she must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction and venue; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that she names as a defendant. If Hunt fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "Third Amended Complaint" and may not incorporate any part of the prior complaints. Rather, any specific allegations must be retyped or rewritten in their entirety. Hunt may include only one claim per count. Failure to file an amended complaint by **April 30, 2018** will result in the automatic dismissal of this action without prejudice.

## **CONCLUSION**

Based upon the foregoing, Hunt's Second Amended Complaint is DISMISSED with limited leave to amend. Dkt. No. 14. The Court also DENIES all pending motions and/or requests seeking to compel discovery, as there is no operative complaint in this case at this time. Dkt. Nos. 15–17.

Hunt is granted one final opportunity to file an amended complaint in accordance with the terms of this Order by **April 30, 2018**. To be clear, claims dismissed *with prejudice* may not be re-alleged in an amended complaint. The

///

///

///

///

Court CAUTIONS Hunt that failure to file an amended complaint by **April 30, 2018** will result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: March 27, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Hunt v. State of Florida Correctional Facility, et al.*; Civil No. 18-00003 DKW-KJM; **ORDER (1) DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING AS MOOT ALL PENDING MOTIONS**