IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PATRICIA HUNT,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF FLORIDA CORRECTIONAL FACILITY, *et al.*,<br><br>        Defendants. | CIVIL NO. 18-00003 DKW-KJM<br><br>**ORDER DISMISSING CASE** |

## **INTRODUCTION**

On March 19, 2018, Plaintiff Patricia Hunt, proceeding pro se, filed a Second Amended Complaint ("SAC"), attempting to assert federal civil rights claims against several Florida state government employees and private individuals. Dkt. No. 14.[1] In a March 27, 2018 Order, the Court dismissed the SAC with limited leave to amend, and denied as moot Hunt's (1) Motion to Compel for Discovery and

---

[1] In a January 9, 2018 Order, the Court granted Hunt's Application to proceed *in forma pauperis* ("IFP Application") and dismissed her First Amended Complaint with limited leave to amend. Dkt. No. 9 (1/9/18 Order). The Court noted that, although she is proceeding pro se, Hunt is more than familiar with her federal court filing and pleading responsibilities, given her numerous prior actions. The Court takes judicial notice of Hunt's record of federal filings in districts nationwide, including in this district. *See, e.g.*, *Hunt v. Ross Dress For Less, LLC, et al.*, No. 14-00081 LEK-RLP (D. Haw.); *Hunt v. Ross Dress For Less, LLC, et al.*, No. 15-00081 LEK-KSC (D. Haw.); *Hunt v. Key Bank, USA*, No. 2:09-CV-14093 (S.D. Fla.); *Hunt v. Metz*, No. 2:12-CV-14461 (S.D. Fla.); *Hunt v. ACCSCT in Virginia, et al.*, No. 2:12-CV-14460 (S.D. Fla.); *Hunt v. Key Bank Int'l, et al.*, No. 2:10-CV-14111 (S.D. Fla.).

Public Records 5 U.S.C. 552, Dkt. No. 15; (2) Request for Production of Documents, Dkt. No. 16; and (3) Motion to Compel for Immediate Numerous Public Records Request, Dkt. No. 17, pending the filing of an amended complaint. Dkt. No. 20 (3/27/18 Order). The 3/27/18 Order granted Hunt until April 30, 2018 to file an amended complaint. On May 1, 2018, the Court granted Hunt's request for a fifteen-day extension of time, Dkt. No. 22, and extended the deadline for filing her Third Amended Complaint to May 16, 2018, cautioning her that "no further extensions will be granted absent good cause shown." Dkt. No. 23. Despite the extension of time, Hunt has yet to file an amended complaint or respond to the Court's March 27 and May 1, 2018 Orders in any other fashion. As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). More specifically, the Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring her to file an amended pleading within a specified time period. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the

2

Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

The Court's 3/27/18 Order was clear:

> The dismissal of portions of the SAC is without prejudice, and Hunt is granted leave to amend, *one final time*, to attempt to cure the deficiencies identified above. Plaintiff's claims for violation of the federal criminal code and all claims against immune defendants are DISMISSED WITH PREJUDICE. The Court cautions Hunt that she may not re-allege these claims in any amended complaint.
>
> ****
>
> The amended complaint must designate that it is the "Third Amended Complaint" and may not incorporate any part of the prior complaints. Rather, any specific allegations must be retyped or rewritten in their entirety. Hunt may include only one claim per count. Failure to file an amended complaint by **April 30, 2018** will result in the automatic dismissal of this action without prejudice.
>
> Based upon the foregoing, Hunt's Second Amended Complaint is DISMISSED with limited leave to amend. Dkt. No. 14. The Court also DENIES all pending motions and/or requests seeking to compel discovery, as there is no operative complaint in this

> case at this time. Dkt. Nos. 15–17.
>
> Hunt is granted one final opportunity to file an amended complaint in accordance with the terms of this Order by **April 30, 2018**. To be clear, claims dismissed *with prejudice* may not be re-alleged in an amended complaint. The Court CAUTIONS Hunt that failure to file an amended complaint by **April 30, 2018** will result in the automatic dismissal of this action without prejudice.

3/27/18 Order at 14, 16–17. On May 1, 2018, the Court granted Hunt's request and extended the deadline for filing her Third Amended Complaint to May 16, 2018. "The Court caution[ed] Hunt that no further extensions will be granted absent good cause shown." 5/1/18 Entering Order, Dkt. No. 23. Hunt's failure to comply with the 3/27/18 Order and the 5/1/18 Entering Order hinders the Court's ability to move this case forward and indicates that she does not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Hunt offers no excuse or explanation for her failure to file a Third Amended Complaint, despite the extension of time granted by the Court. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a

court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Hunt failed to discharge her responsibility to prosecute this action despite the Court's express warnings about dismissal in its prior order. *See* 3/27/18 Order at 16–17. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Hunt's failure to file an amended complaint, as directed by the Court in its 3/27/18 Order and 5/1/18 Entering Order.

The Court attempted to avoid outright dismissal of this action by twice granting Hunt the opportunity to amend her allegations and providing specific guidance on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Hunt's voluntary failure to comply with the Court's Orders. Under the present circumstances, less drastic alternatives are not appropriate. The Court

acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: May 21, 2018 at Honolulu, Hawai‘i.



Derrick K. Watson
United States District Judge

---

*Hunt v. State of Florida Correctional Facility, et al.*; Civil No. 18-00003 DKW-KJM; **ORDER DISMISSING CASE**